

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 29, 1972

Honorable Hugh C. Yantis
Executive Director
Texas Water Quality Board
P. O. Box 13246, Capitol Station
Austin, Texas  78711

Opinion No. M- 1272

Re: Whether a person employed
as a secretary at the Texas
Water Quality Board may
lawfully sell copies of
her transcripts of minutes
of the agency and charge
therefor.

Dear Mr. Yantis:

Your request for an opinion reads in part as follows:

"Our agency often receives requests for
transcripts of monthly meetings of the Texas
Water Quality Board.  It has been our practice
to satisfy these requests by allowing the per-
sons making the request to make a copy of the
magnetic tape which is our official record of
the meeting.  One of the secretaries, employed
by this agency, prepares the minutes of our
Board meetings.  She uses a shorthand machine
to record the meeting, but only prepares ver-
batim transcripts of the parts of the meeting
which are needed for our purposes.  It would
be a convenience to the general public, al-
though of small benefit to our agency, to be
able to purchase transcripts of Board meetings
from this secretary.

" . . .

"We respectfully request an opinion on
whether or not this secretary can make and sell
for her own profit transcriptions of Texas Water
Quality Board Meetings."

In <u>Moore v. Sheppard</u>, 144 Tex. 537, 192 S.W.2d 559 (Tex.
Sup. 1946), it was held that Clerks of the Courts of Civil Appeals
were not required to account to the State Treasurer for sums of

-6247-

money collected for uncertified and unofficial copies of opinions, wherein it was stated:

> ". . . The general principle prohibiting public officials from charging fees for the performance of their official duties does not prohibit them from charging for their services for acts that they are under no obligation, under the law, to perform.  . . .

> ". . .

> "There being no statutory duty requiring petitioners to furnish uncertified, unofficial copies of opinions of the Courts of Civil Appeals, no statute fixing any fee for such services, and no valid statute requiring that money received therefore be deposited in the State Treasury, there is no debt owing by petitioners to the State.  Since petitioners are not required to account to the State Treasurer, under the existing statutes, for such receipts, they cannot be required to execute an affidavit that such funds have been deposited in the State Treasury as a condition for the delivery of their monthly salary warrants."

It is our opinion that the principle of law announced in Moore v. Sheppard is equally applicable to other State employees in the absence of relevant statutes.  We have been unable to find any statute requiring the furnishing of transcripts of the meetings of the Board to the public.  Therefore, it is our opinion that a secretary employed by the Texas Water Quality Board may make transcripts of official meetings of the Board and sell them and retain the proceeds provided such acts do not interfere with the performance of her duties as a State employee.

### S U M M A R Y

A secretary employed by the Texas Water Quality Board may make transcripts of official meetings of the Board and sell them and retain the proceeds provided such acts do not interfere with the performance of her duties as a State employee.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Max Hamilton
Bill Craig
John Traylor
Bob Lemens